**E-FILED**
Wednesday, 10 August, 2016  02:41:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHERRI L. MENDENHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14-CV-3389 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

## SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.

Plaintiff Sherri L. Mendenhall has appealed from the

Commissioner of Social Security's decision denying her application

for Title II disability insurance benefits and Title XVI supplemental

security income.  Plaintiff's Motion for Summary Judgment and

Defendant's Motion for Summary Affirmance are DENIED, and this

case is REMANDED for further proceedings consistent with this

opinion based upon the new Social Security Ruling (SSR) 16-3p,

which replaced SSR 96-7p.  SSR 16-3p eliminates "the use of the

term 'credibility' from our sub-regulatory policy [to] clarify that

subjective symptom evaluation is not an examination of an individual's character."

## I.    Background

On March 22, 2012, Plaintiff applied for disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  Plaintiff alleged that she was disabled as defined in the Social Security Act. 42 U.S.C. § 1382 *et seq.* (the Act).  The Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  Id. at § 1382(c).  Plaintiff originally claimed that her disability began in May of 2005, but she amended her application to allege an onset date of February 15, 2010.  (R. 42).

Plaintiff's claims were initially denied on July 9, 2012.  (R. 78). Upon reconsideration, Plaintiff's claims were again denied on December 24, 2012.  (R. 86).  On December 26, 2012, Plaintiff filed a written request for a hearing.  (R. 94).  On October 23, 2013, Administrative Law Judge (ALJ) David W. Thompson held a video

hearing on the matter.  (R. 30).  Plaintiff and an impartial vocational expert testified at the hearing.  Id.  On January 2, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Act from February 15, 2010 through the date of the decision.  (R. 23). Plaintiff appealed the ALJ's decision and filed a Motion for Summary Judgment on August 17, 2015.  (D/e 12).  The Commissioner of Social Security filed a Motion for Summary Affirmance on December 2, 2015.  (D/e 15).

On March 28, 2016, the Social Security Administration (SSA) issued a new Social Security Ruling interpreting the Administration's policy concerning determinations of disability.  The new ruling, SSR 16-3p, eliminates the use of the term "credibility," clarifying "that subjective symptom evaluation is not an examination of an individual's character."  Although the effective date of the new ruling post-dates the ALJ's decision in this matter, the new rule must be applied retroactively requiring remand in this case.

## II.  **Duty of the ALJ**

In determining whether a claimant is disabled under the Social Security Act, the ALJ follows a standard five-step analysis.

20 C.F.R. § 404.1520(a)(4)(i-v).  At the second of these five steps, the ALJ uses a two-step sub-analysis when evaluating a claimant's symptoms.  SSR 16-3p; *see also* 81 FR 14166 ("we use a two-step process for evaluating an individual's symptoms").  At the first step of the sub-analysis, which has not changed, the ALJ determines "whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms."  SSR 16-3p.  SSR 16-3p defines "symptoms" as Plaintiff's "own description or statement of [] her physical or mental impairment(s)."  See also 20 CFR §§ 404.1529 (guidelines for symptom evaluation), 416.929 (same).

ALJ Thompson applied the now-superseded SSR 96-7p.  After the ALJ found the medically determinable impairment that produced Plaintiff's alleged symptoms at the first step, the ALJ moved on to the second step.  "The adjudicator must [then] evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities."  SSR 96-7p.  To do this, "the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case

Page **4** of **15**

record."  Id.  However, when the SSA instituted SSR 16-3p, the SSA clarified "that subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p.

To support the ALJ's findings based on the five-step process set out at 20 C.F.R. § 404.1520 as well as the new two-step sub-analysis in SSR 16-3p, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion."  Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002). The ALJ's must also "articulate his reasons and make a bridge between the evidence and the outcome as to his step five determination." Rice v. Barnhart, 384 F.3d 363, 371 (7th Cir. 2004).  The ALJ must adequately articulate his findings so that this Court can trace his reasoning and be sure that he took into account all the important evidence.  Rohan v. Chater, 98 F.3d 966, 971 (7th Cir. 1996).  Moreover, "an ALJ cannot rely only on the evidence that supports [his] opinion.  And while an ALJ need not mention every piece of evidence in [his] opinion, [he] cannot ignore a line of evidence that suggests a disability."  Bates v. Colvin, 736 F.3d 1093, 1099 (7th Cir. 2013) (internal citations omitted).

Page **5** of **15**

## III.   Standard of Review

If the Appeals Council declines to review the decision of an

ALJ, the ALJ's decision becomes final.  20 C.F.R. § 404.981.

However, a claimant may appeal the decision in the United States

District Court for the claimant's home district.  Id.  On appeal, if the

District Court finds that the Commissioner's factual findings are

supported by substantial evidence, those findings are conclusive.

Id.  Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Court, when deciding whether the Commissioner's

decision was supported by substantial evidence, "must not decide

the facts anew, reweigh the evidence, or substitute [its] own

judgment."  Clark v. Sullivan, 891 F.2d 175, 177 (7th Cir. 1989).

However, if the Court finds that "the ALJ's decision 'lacks

evidentiary support or is so poorly articulated as to prevent

meaningful review, the case must be remanded.'"  Giles v. Astrue,

483 F.3d 483, 486 (7th Cir. 2007) (quoting Steele v. Barnhart, 290

F.3d 936, 940 (7th Cir. 2002)).  Nevertheless, even if "reasonable

minds could differ concerning whether [Plaintiff] is disabled," the

Court must uphold the ALJ's decision so long as the ALJ's findings
are supported by substantial evidence.  Books v. Chater, 91 F.3d
972, 978 (7th Cir. 1996); Schmidt v. Astrue, 496 F.3d 833 (7th Cir.
2007; 42 U.S.C. § 405(g).

## IV.   Retroactive Application of SSR 16-3p is Required

The new rule, SSR 16-3p, clarifies the second step of the sub-
analysis.  "We are eliminating the use of the term 'credibility' from
our sub-regulatory policy, as our regulations do not use this term.
In doing so, we clarify that subjective symptom evaluation is not an
examination of an individual's character."  SSR 16-3p (effective
March 28, 2016).

The SSA altered the method of subjective symptom evaluation
because of the wide variety of effects experienced by different
patients with the same documented medical conditions.  SSR 16-
3p.  Under the new rule, the ALJ is to evaluate the claimant's
symptoms taking into consideration the entire medical record, the
claimant's expressions concerning the effects of the symptoms, the
medical source's opinions, and any other relevant evidence.  Id.
The ALJ may not evaluate the claimant's symptoms based only on
the medical evidence.  Id.

3:14-cv-03389-SEM-TSH  # 19  Page 8 of 15

This new rule supersedes SSR 96-7p, which itself superseded SSR 95-5p on July 2, 1996. Although SSR 96-7p was in effect on the date of ALJ Thompson's opinion, SSR 16-3p is the rule which must be applied. "The application of a new social security regulation to matters on appeal is appropriate where the new regulation is a clarification of, rather than a change to, existing law." Lockwood v. Colvin, 2016 WL 2622325, *3 (N.D. Ill. May 9, 2016) (citing Pope v. Shalala, 998 F.2d 473, 482-483 (7th Cir. 1993), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561 (7th Cir. 1999)).

Where a new rule changes existing law, retroactive application is proper only "if, at the very least, Congress expressly authorized retroactive rulemaking and the agency clearly intended that the rule have retroactive effect." Pope v. Shalala, 998 F.2d 473, 482-483 (7th Cir. 1993), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561 (7th Cir. 1999). However, where new rules merely clarify unsettled or confusing areas of the law, retroactive application is proper where the promulgating agency has expressed the intent that a new rule is a clarification of an existing rule, though this is not necessarily dispositive. Id. at 483.

Page **8** of **15**

For a new rule that <u>clarifies</u> existing law to be applied retroactively, the new rule must be sufficiently similar to the prior rule.  <u>Id.</u> at 483.  Courts "will defer to an agency's expressed intent that a regulation is clarifying unless the prior interpretation of the regulation or statute in question is patently inconsistent with the later one."  <u>Id.</u> at 483.

Here, the question of the agency's intent is settled by the text of the newly promulgated rule.  SSR 16-3p states: "we <u>clarify</u> that subjective symptom evaluation is not an examination of an individual's character" (emphasis added).  Furthermore, SSR 96-7p and SSR 16-3p are substantially similar.  Rule 16-3p affects only the second step of the method by which symptoms are evaluated.  The new rule does not alter the remainder of the evaluation, whether symptoms are evaluated at all, or the ALJ's obligation to take into account the entire record.  Therefore, SSR 16-3p applies retroactively.

Some Courts have elected not to apply SSR 16-3p retroactively. <u>See</u> <u>Hose v. Colvin</u>, No. 1:15CV00662, 2016 U.S. Dist. LEXIS 53867, at *18 (M.D.N.C. Apr. 22, 2016) ("this Recommendation will apply SSR 96-7p [. . .] to Plaintiff's credibility

challenge."); see also Smith v. Colvin, No. 3:14-cv-1752 (SRU), 2016 U.S. Dist. LEXIS 37578, at *20 (D. Conn. Mar. 23, 2016) ("Smith also submitted the newly issued SSR 16-3p, which provides guidance about to how evaluate subjective symptoms, as supplemental authority. That guidance has not been made retroactive, and accordingly does not apply to this case.") (internal citations omitted); Murphy v. Comm'r of Soc. Sec., No. 1:15-cv-126-SKL, 2016 U.S. Dist. LEXIS 65189, at *26 (E.D. Tenn. May 18, 2016) ("SSR 16-3p . . . took effect on March 16, 2016, more than two years after the ALJ issued his decision on December 23, 2013, and therefore is not applicable to the ALJ's decision in this case.").

However, the Seventh Circuit Court of Appeals favors applying 16-3p retroactively.  Cole v. Colvin, No. 15-3883, 2016 U.S. App. LEXIS 13559 (7th Cir. July 26, 2016) (applying SSR 16-3p retroactively).  Courts in the Northern District of Illinois have also consistently favored retroactive application. See McCammond v. Colvin, No. 15 C 6589, 2016 U.S. Dist. LEXIS 86438, at *7 (N.D. Ill. July 5, 2016) ("Though [the issuance of SSR 16-3p] post-dates the ALJ hearing and decision in this case, the application of a new Ruling to matters on appeal is appropriate where the new regulation

or Ruling is a clarification of existing law rather than a change to it.); see also Turner v. Colvin, No. 14 CV 02237, 2016 U.S. Dist. LEXIS 72173, at *25 (N.D. Ill. June 2, 2016) ("Therefore, it is appropriate to evaluate Plaintiff's credibility argument in the context of the guidance the [Social Security] Administration has provided in SSR 16-3p.").

Other District Courts have also favored retroactive application. See Tarwacki v. Colvin, No. 3:14-cv-1735-JVB-CAN, 2016 U.S. Dist. LEXIS 42961, at *20 (N.D. Ind. Mar. 30, 2016) ("On remand, the ALJ shall consider Tarwacki's headaches consistent with SSR 16-3p"); see also Moody v. Colvin, No. TJS-15-1053, 2016 U.S. Dist. LEXIS 91285, at *4 (D. Md. July 13, 2016) ("SSR 96-7p [. . .] has, effective March 28, 2016, been superseded by SSR 16-3p [. . .] which would seem to apply upon remand.") (remanding based on concerns about appropriateness of ALJ's credibility finding); Woodmark v. Colvin, No. 6:15-cv-472-SI, 2016 U.S. Dist. LEXIS 70415, at *26 (D. Or. May 31, 2016) ("On remand, the ALJ shall reconsider Claimant's credibility . . . . If necessary, the ALJ shall also reconsider those portions of Dr. Prescott's and Ms. Myer's

opinions that the ALJ afforded only partial weight to due to the

ALJ's finding regarding Claimant's credibility. . . .").

 In light of the above precedent, and because the Court finds

that the SSA intended for SSR 16-3p to be a clarification of an

"unsettled or confusing area[] of the law" rather than an outright

change, retroactive application is appropriate.  <u>Pope</u>, 998 F.2d 473,

483 (7th Cir. 1993).

## V. Discussion

 In ALJ Thompson's decision denying Plaintiff's disability claim,

he found at the first step of the sub-analysis that Plaintiff's

"medically determinable impairments could reasonably be expected

to cause the alleged symptoms. . . ." (R. 20).  The impairments

found were left shoulder injury, hypertension, diabetes, obesity,

depression, and an anxiety disorder.  (R. 13).  At the second step of

the sub-analysis, the ALJ found that Plaintiff's "statements

concerning the intensity, persistence and limiting effects of these

symptoms are not entirely credible," and that overall, "the claimant

lacks credibility."  (R. 20-21).  In finding that Plaintiff was not

entirely credible, ALJ Thompson cited to inconsistent statements

made by Plaintiff in the record as well as her questionable

compliance with prescribed treatment.  (R. 19-21).  Based in part on
his determination as to Plaintiff's credibility, the ALJ gave the
opinions of Plaintiff's treating physician "little weight," referring to
"the axiom that no opinion can have greater credibility than the
information upon which it is based."  (R. 21).  Similarly, the ALJ
discounted the opinions of the consultative psychological examiner.
Id.

The reasoning employed by ALJ Thompson in this case is
inconsistent with SSR 16-3p.  In McCammond v. Colvin, the United
States District Court for the Northern District of Illinois addressed
an ALJ's similarly inconsistent reasoning.  No. 15 C 6589, 2016
U.S. Dist. LEXIS 86438 (N.D. Ill. July 5, 2016).  "If Plaintiff lied
about one thing, then he was less reliable in what he said
concerning something else.  (R. 28, stating that 'claimant's
credibility is...an issue in this case' because he denied alcohol
abuse).  That amounts to an attack on McCammond's character,
not a reasoned explanation of why he exaggerated his back pain.
That might have been permissible under SSR 96-7p had the ALJ
drawn some form of logical bridge between the record and her
conclusion.  However, SSR 16-3p was issued to eliminate just such

an attack on a claimant." Id. at *3.  Here, though ALJ Thompson
may have drawn a logical bridge between the record and his
conclusion, his attack on Plaintiff's character is at odds with SSR
16-3p's policy interpretation.

Under the new SSR 16-3p's sub-analysis step two, the ALJ
still evaluates a claimant's symptoms, but he is not to determine
the claimant's overall credibility.  SSR 16-3p directs that
adjudicators, without taking into account a claimant's credibility,
are "to consider all of the evidence in an individual's record when
they evaluate the intensity and persistence of symptoms after they
find that the individual has a medically determinable impairment(s)
that could reasonably be expected to produce those symptoms."

ALJ Thompson, because of his finding as to Plaintiff's
credibility, discredited Plaintiff's subjective claims as to her
symptoms as well as the opinions of both Plaintiff's treating
physician and the consultative psychological examiner.  Because
SSR 16-3p was issued to eliminate such reliance on an ALJ's
impressions as to the credibility of a claimant, Plaintiff's claimed
disabilities and symptoms, along with the opinions of treating
physicians and psychological examiners, must be re-examined.

## VI.    Conclusion

This Court cannot "decide the facts anew, reweigh the evidence, or substitute [its] own judgment" in lieu of the ALJ's. <u>Clark v. Sullivan</u>, 891 F.2d 175, 177 (7th Cir. 1989).  Because ALJ Thompson's decision was inconsistent with the policy interpretation contained in SSR 16-3p, the Court remands this case for reconsideration.  On remand, the ALJ shall consider the intensity and persistence of Plaintiff's symptoms consistent with the steps outlined in SSR 16-3p.

**IT IS THEREFORE ORDERED:**

(1)    Plaintiff's Motion for Summary Judgment is DENIED.

(2)    Defendant's Motion for Summary Affirmance is DENIED.

(3)    The decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion pursuant to 42 U.S.C. 405(g), sentence 4.

ENTER: August 9, 2016

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
